Carlos Jimenez (SBN 227534)
Carlos.jimenez@klgates.com
Stacey Chiu (SBN 321345)
stacey.chiu@klgates.com
**K&L GATES LLP**
10100 Santa Monica Blvd, 8th Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorneys for Defendant Ramp Business Corporation

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

'26CV4525 JLS SBC

DEMIAN DIAZ, an individual,

Plaintiff,

v.

RAMP BUSINESS CORPORATION, a corporation, and DOES 1 through 25, inclusive

Defendants.

Case No. 26CU034099C

*Assigned for all purposes to Honorable Michael T. Smyth/ Dept. C67*

**DEFENDANT RAMP BUSINESS CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**

Complaint Filed: June 23, 2026

Defendant Ramp Business Corporation ("Defendant") hereby answers the unverified Complaint for Damages ("the Complaint") filed by Plaintiff Demian Diaz ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint and further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent of Defendant. Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

Defendant further asserts the following affirmative defenses. By asserting these defenses, Defendant does not concede that it has the burden of production or proof as to any affirmative defense asserted below. Moreover, Defendant does not presently know all the factors concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Accordingly, Defendant will seek leave to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

**FIRST AFFIRMATIVE DEFENSE**

(**Binding Arbitration Agreement**)

As a separate and distinct affirmative defense, Defendant alleges that all of Plaintiff's claims are barred from litigation in court because Plaintiff entered into a valid written agreement to arbitrate the alleged claims.

**SECOND AFFIRMATIVE DEFENSE**

(**Failure to State a Claim**)

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

///

///

**THIRD AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action alleged therein are barred by the applicable statute of limitations, including, but not limited to California Code of Civil Procedure sections 335.1, 338(a), 340(a), and 343; California Labor Code section 203(b); California Business and Professions Code section 17208; and any other applicable statutes of limitation.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

As a separate and distinct affirmative defense, to Plaintiff's Complaint and each purported cause of action therein, Defendant alleges, on the belief that further discovery will disclose facts supporting its defense, that Plaintiff failed to exercise reasonable diligence to mitigate his damages, if any damages were in fact suffered, and, to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced.

**FIFTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, because Defendant acted reasonably and in good faith, at all times, based upon all relevant facts and circumstances known by Defendant at the time it acted.

**SIXTH AFFIRMATIVE DEFENSE**

**(Laches, Waiver, Consent, Estoppel, Unclean Hands)**

As a separate and distinct affirmative defense, Defendant alleges that all or portions of the claims set forth in the Complaint are barred by the equitable doctrines of laches, waiver, consent, estoppel and/or unclean hands.

///

///

///

**SEVENTH AFFIRMATIVE DEFENSE**

**(Mixed Motive)**

As a separate and distinct affirmative defense to Plaintiff's Complaint and each purported cause of action therein, Defendant alleges that, even if any conduct of Defendant was potentially motivated by an unlawful purpose, Defendant would have made the same decision in any event regardless of the alleged unlawful purpose.

**EIGHTH AFFIRMATIVE DEFENSE**

**(At-Will Employment)**

As a separate and distinct affirmative defense to Plaintiff's Complaint and each purported cause of action therein, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges that Plaintiff's claims are barred, in whole or in part because, at all relevant times, Plaintiff was an at-will employee, subject to termination, with or without cause, and with or without notice.

**NINTH AFFIRMATIVE DEFENSE**

**(Legitimate Business Reasons)**

As a separate and independent affirmative defense to Plaintiff's Complaint and each purported cause of action therein, Defendant alleges that the causes of action alleged in Plaintiff's Complaint are barred because Defendant's alleged conduct was a just and proper exercise of business discretion, undertaken for fair and honest reasons, comporting with good faith under the circumstances then existing, and was privileged and justified.

**TENTH AFFIRMATIVE DEFENSE**

**(Lack of Causation)**

As a separate and independent affirmative defense to Plaintiff's Complaint and each purported cause of action therein, Defendant alleges that to the extent Plaintiff has incurred any damages, which Defendant expressly denies, such alleged damages were not proximately or legally caused by Defendant.

///

///

**ELEVENTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

As a separate and independent affirmative defense to Plaintiff's Complaint and each purported cause of action therein, to the extent that Defendant acquired any evidence of wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in discipline, termination, or other adverse employment action, such after-acquired evidence shall bar Plaintiff on liability or damages or shall reduce such claims as provided by law.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Protected Activity)**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff did not engage in conduct protected by California Labor Code sections 98.6 or 1102.5, or by any other statute or public policy alleged in the Complaint. Plaintiff did not disclose, complain of, or oppose conduct that he reasonably believed constituted a violation of applicable law within the meaning of the statutes on which his claims are based.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Off-Set/Credit)**

As a separate and distinct affirmative defense, Defendant alleges that to the extent Plaintiff is entitled to any additional compensation, which Defendant denies, such additional compensation must be offset by the amount of any compensation and/or other monies Plaintiff received from Defendant in excess of the compensation to which he was legally entitled to for the work performed.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Payment)**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff was timely and fully paid all wages, compensation, benefits, and other amounts due to him under applicable law. Plaintiff therefore is not entitled to unpaid wages, restitution, waiting-time penalties, or any other relief premised on an alleged failure to pay compensation.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Comply with Policy)**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint is barred, in whole or in part, to the extent Plaintiff failed to comply with applicable policies or instructions and such failure proximately caused his alleged damages, if any.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Timely Pay Wages – *Bona Fide* Dispute)**

As a separate and distinct affirmative defense, Defendant alleges that the claims for penalties, including, but not limited to penalties predicated on Labor Code sections 201 to 203, are barred because (1) there are bona fide disputes as to whether Defendant failed to timely pay all wages due, and (2) Defendant has not willfully failed to pay such compensation, if any is owed.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Labor Code § 226 – Failure to Furnish Accurate Wage Statements)**

As a separate and distinct affirmative defense, Defendant alleges that any claim for penalties pursuant to Labor Code section 226 is barred, in whole or in part, because Defendant's conduct was not knowing and intentional.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Injury or Standing for Wage Statement Claim)**

As a separate and distinct affirmative defense, Defendant alleges that even if Defendant failed to provide Plaintiff with accurate itemized wage statements, which Defendant denies, Plaintiff did not suffer injury as a result of such failure and so lack standing to assert a claim for penalties under California Labor Code section 226.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Willfulness – Failure to Pay Final Wages at Termination)**

As a separate and distinct affirmative defense, Defendant alleges that it properly paid all wages due and owing to Plaintiff during employment and to the extent applicable after employment, and, to the extent such wages were due but unpaid (which Defendant denies), Defendant's failure to pay was not "willful."

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Multiple Recoveries Barred)**

As a separate and distinct affirmative defense, Defendant alleges that, to the extent multiple penalties are sought for the same alleged violations, such claims are barred by the prohibition on double recovery and would violate Defendant's due process rights under the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Business & Professions Code § 17200 – No Injury)**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action set forth therein, or some of them, is barred because Plaintiff lacks standing to sue under California Business and Professions Code sections 17200 and 17204 as he has not suffered any injury in fact or lost money or property as a result of any allegedly unlawful business practice of Defendant.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Business & Professions Code § 17200 – No Unlawful Business Practices)**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Defendant's business practices are not and were not "unlawful."

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(No Entitlement to Equitable Relief)**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff has an adequate remedy at law and cannot establish the requirements for restitution, declaratory relief, injunctive relief, or any other equitable remedy. Plaintiff is a former employee and cannot demonstrate a real and immediate threat of future injury from the challenged conduct.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Prejudgment Interest)**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed

are not sufficiently certain to allow an award of prejudgment interest.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Alternative Stressors)**

If Plaintiff suffered any emotional distress and/or pain and suffering, which Defendant denies, such distress was caused, in whole or in part, by a preexisting condition unrelated to Plaintiff's employment and/or by alternative stressors.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(No Attorney's Fees and Costs)**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails, in whole or in part, to state a claim for which attorneys' fees and costs may be granted.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Support Claim for Punitive Damages)**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state facts sufficient to support a claim for punitive damages against Defendant.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Constitutional Limit on Punitive Damages)**

As a separate and independent affirmative defense to Plaintiff's Complaint and each purported cause of action therein, Defendant alleges that Plaintiff's claims for punitive damages are barred by the contract clause (Article I, Section 10, clause 1), the due process clause (Fifth Amendment, Fourteenth Amendment, Section 1), and the excessive fines clause (Eighth Amendment) of the United States Constitution, and the corresponding provisions of the Constitution of the State of California.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Punitive Damages - No Ratification)**

As a separate and independent affirmative defense to Plaintiff's Complaint and each purported cause of action therein, Defendant alleges that Plaintiff's claims for punitive damages are barred in whole or in part because even if Defendant's alleged conduct rose to the level of oppression, fraud, or malice, which Defendant denies, such conduct was prohibited by Defendant's

policies and was not committed, countenanced, ratified, or approved by an officer, director, or managing agent of Defendant.

**THIRTIETH AFFIRMATIVE DEFENSE**

(**Speculative Damages**)

As a separate and independent affirmative defense to Plaintiff's Complaint and each purported cause of action therein, Defendant alleges that Plaintiff's claim is barred because damages are speculative and therefore not recoverable.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(**Additional Defenses**)

As a separate and distinct affirmative defense, Defendant states that it does not presently know all facts concerning the conduct of Plaintiff and its claims sufficient to state all defenses at this time. Defendant will seek leave of Court to amend this Answer should it later discover facts demonstrating the existence of additional defenses. Defendant alleges that the Complaint, and each alleged cause of action therein, does not describe the claims against Defendant with sufficient particularity and certainty to enable Defendant to determine what additional defenses exist. Defendant reserves the right to assert all defenses that may be pertinent to or arise from Plaintiff's and/or the alleged putative class members' claims against them in the above-captioned action.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by his Complaint and that the Complaint be dismissed in its entirety with prejudice;

2. For all reasonable costs and attorneys' fees incurred by Defendant in connection with the defense of this matter; and

3. For such other and further relief as the Court in the exercise of its discretion deems just and proper.

///

///

///

Dated: August 6, 2026

By: ______________________

**Carlos Jimenez**
**Stacey Chiu**

K&L GATES LLP
Attorneys for Defendant Ramp Business Corporation